United States District Court
Southern District of Texas
**ENTERED**
April 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUGO ALBERTO RAMOS RAMOS, *et al.*, | § § § § § | |
| Petitioners, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-03199 |
| RAYMOND THOMPSON, | § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

Petitioner Hugo Alberto Ramos Ramos is in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") division, awaiting his removal from the United States. Through Next Friend Marcos Antonio Valdez, he filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1. He also moves for a stay of his removal. Doc. No. 2. A review of the pleadings indicates that the petition fails to state a valid claim regarding his ongoing detention because it is premature and that the Court lacks jurisdiction to order a stay of his removal. Accordingly, the petition will be dismissed without prejudice for the reasons set forth below.

## I.     BACKGROUND

Ramos Ramos, a citizen of Mexico, alleges that his ongoing detention violates his rights. His petition and attachments thereto reflect that he has a final order of removal and

1 / 3

that his application for cancellation of removal was denied on April 2, 2026. Doc. No. 1-1 at 5-6. Because he has a final order of removal, he is subject to detention under 8 U.S.C. § 1231(a). He claims that ICE took him into custody on January 19, 2026. Doc. No. 1 at 1. At the time he filed this petition, he had been detained approximately 3 months. *Id.* at 1, 3.

## II.    DISCUSSION

In *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention lasting beyond six months past the removal period. *Id.* at 2505. After the expiration of six months, a noncitizen detainee subject to a final removal order may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* The detainee bears the burden of proof in showing that no such likelihood of removal exists. *Id.* Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." *Id.* Not every detainee subject to a final removal order in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*, however. "To the contrary, a [noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, the petitioner's pleadings show that he has been confined under his final order of removal for about 3 months. He does not plead facts to show that he has been in

custody more than six months past the expiration of the removal period, and, therefore, does not state a claim for relief under *Zadvydas*. 121 S. Ct. at 2505; *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (unpublished op.) (holding that the district court did not err when it dismissed the petition as premature because the petitioner had not been in custody for six months past the date the removal order was entered); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (unpublished op.), *cert. denied*, 125 S. Ct. 2528 (2005) (same). Accordingly, the petition must be dismissed without prejudice as premature.

## III.   ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.  Petitioner's petition is **DISMISSED** without prejudice as premature.

2.  Petitioner's motion to stay removal (Doc. No. 2) is **DENIED** for lack of jurisdiction.

3.  All other pending motions, if any, are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED this _____ 28th _____ day of April 2026.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

3 / 3